**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEROMEE WADE GREENOUGH,

    Petitioner,

v.                                              CASE NO. 8:14-cv-1008-T-30TGW
                                                    CRIM. CASE NO. 8:01-cr-432-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

BEFORE THE COURT is Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1). The Court has undertaken the review required by Rule 4, Rules on Motion Attacking Sentence Under Section 2255,[1] and finds, for reasons set forth below, that the § 2255 motion should not be served on Respondent until Petitioner has had an opportunity to cure deficiencies in the § 2255 motion which might otherwise prevent him from presenting all of his claims.

The § 2255 motion raises one ground of ineffective assistance of counsel (see CV Dkt. 1). The § 2255 motion, however, does not state the facts supporting the claim in sufficient detail. Rule 2(b)(2), Rules on Motion Attacking Sentence Under Section 2255, states that

---

[1] Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record or prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

the motion must "state the facts supporting each ground." The claim in the § 2255 motion, however, is vague and conclusory. Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (general allegation of ineffective assistance of counsel is insufficient; petitioner must allege specific facts establishing both unreasonable-representation and prejudice prongs of ineffective assistance standard).

When, as in the instant case, the petitioner fails to set forth legally sufficient claims for relief because he omitted the factual support for his claim from the form, its usefulness is substantially diminished. The Court will only consider claims raised by Petitioner in the § 2255 motion; it will not act as researcher/investigator on a scavenger hunt for claims on Petitioner's behalf.

Accordingly, for the foregoing reasons, Petitioner's § 2255 motion will be dismissed. Given Petitioner's *pro se* status, however, the dismissal is without prejudice, and the Court will afford him an opportunity to amend his § 2255 motion. Petitioner is cautioned that mere conclusions of law unsupported by any facts are insufficient to support a claim for federal habeas relief. It is the relationship of the facts to the claims asserted in the § 2255 motion that is important. To secure a hearing on his claims, a habeas petitioner must allege facts, which, if true, would entitle him to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal habeas court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d

662, 679 (9th Cir. 1994) (en banc). Therefore, Petitioner will be required to submit an amended rule § 2255 motion on the enclosed court-approved form.

Petitioner is cautioned that all arguments he desires to present in support of the claims in his § 2255 motion *must* be presented in the amended motion as the amended motion will supersede the original motion. Petitioner is further cautioned that although the amended § 2255 motion will relate back to the earlier filed motion for purposes of timeliness, any new claims Petitioner may attempt to assert in the amended motion may not relate back to his original § 2255 motion and may now be time-barred. Petitioner must set forth with specificity each of his claims for relief and a brief statement of the facts supporting each claim. **Mere references to claims raised in documents filed in this proceeding or other proceedings will not suffice**.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's § 2255 motion (CV Dkt. 1) is **DISMISSED** without prejudice.

2. The **Clerk** shall transmit two copies of the form for use in § 2255 cases to Petitioner.

3. Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the enclosed form. Petitioner must set forth with **specificity** each of his claims for relief **and** a brief statement of the facts which support the claims. Failure to comply with the terms of this order within the allotted time shall result in

the automatic **dismissal** of this case **without further notice**.  In the amended motion, Petitioner **shall also show cause why this action should not be dismissed as being barred by the one-year limitation period**.

    **DONE** and **ORDERED** in Tampa, Florida on May 2, 2014.

                                                     JAMES S. MOODY, JR.
                                                     UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Petitioner *pro se*
Counsel of Record